Andrew M. Federhar (No. 006567)
Jessica A. Gale (No. 030583)
SPENCER FANE LLP
2425 E. Camelback Road, Suite 850
Phoenix, AZ  85016-4251
Telephone:  (602) 333-5430
Facsimile:  (602) 333-5431
Email:  afederhar@spencerfane.com
Email:  jgale@spencerfane.com

Attorneys for Plaintiff Kingman Airport Authority

# UNITED STATES DISTRICT COURT OF ARIZONA

# DISTRICT OF ARIZONA

| | |
|---|---|
| KINGMAN AIRPORT AUTHORITY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF KINGMAN,<br><br>Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff Kingman Airport Authority ("KAA") seeks injunctive and declaratory relief against the Defendant City of Kingman ("City") concerning the efforts of the City to wrongfully terminate its lease with KAA of the Kingman Airport.  As set forth below, the City is wrongfully attempting to condemn the lease.

**INTRODUCTION**

1. This action seeks to prevent the City from taking KAA's leasehold interest in the Kingman Airport.  The KAA is currently leasing the airport from the City under a written lease agreement.  The City seeks to remove the KAA as a tenant and then continue the same public purpose of operating the airport for the public benefit.  Because the Lease does not allow the City to terminate the KAA's leasehold interest without notice of default and time to cure, the City plans to condemn the KAA's interest and

1

impair the KAA from exercising its remedies under the lease. The City's actions violate Article I, Section 10, Clause 1 of the Constitution of the United States of America (the "Contract Clause"), section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, and Article II, Section 25 of the Arizona Constitution.

**PARTIES**

2. The KAA is a non-profit organization, organized and existing under the laws of the State of Arizona. KAA is a "body politic and corporate." A.R.S. §28-8424(A)(1).

3. Under A.R.S. § 28-8424, the KAA "[i]s a validly organized and existing body politic and corporate exercising its powers for the benefit of the people, for the improvement of the people's health and welfare and for the increase of the people's traffic and prosperity[; i]s engaged in a public purpose essential to transportation and communication[; and, performs an essential governmental function as an agency or instrumentality of the city."

4. The City is a municipal corporation and political subdivision of the State of Arizona.

**JURISDICTION AND VENUE**

5. This action arises under Article I, Section 10, Clause 1 of the Constitution of the United States of America and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

6. Federal question jurisdiction exists under 28 U.S.C. § 1331.

7. Supplemental jurisdiction exists over the state law claim under 28 U.S.C. § 1367.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because the City and the KAA reside in this judicial district.

**THE KAA'S LEASE OF THE KINGMAN AIRPORT**

9. In May 1979, Mohave County and the Mohave County Airport Authority, Inc. ("MCAA") entered into a Lease Agreement, whereby Mohave County leased the Kingman Airport to the MCAA.

10. In December 1988, Mohave County transferred and conveyed its ownership interest in the Kingman Airport to the City.

11. In January 1992, the City entered into a Third Amendment and Restatement of Lease Agreement ("1992 Lease") with the MCAA.

12. A true and accurate copy of the 1992 Lease is attached hereto as Exhibit 1.

13. The 1992 Lease provided that the MCAA would lease the Kingman Airport from the City from January 20, 1992 until January 19, 2017, subject to MCAA's right to renew for an additional 25 years.

14. Paragraph 20 of the 1992 Lease outlined the only instances when the City could terminate the agreement before its expiration: "(A) Filing of a petition, voluntarily or involuntarily for the adjudication of LESSEE as bankrupt; (B) The making by LESSEE of any general assignment for the benefit of creditors; (C) The occurrence of any act which operates to permanently deprive LESSEE of the ability to perform its duties under this Agreement (except suspension of operations resulting from war or national emergency); (D) The failure by LESSEE to perform, keep and observe any and all of the terms, covenants and conditions herein contained on the part of LESSEE to be performed, kept or observed after the expiration of ninety (90) days from the date written notice has been given to LESSEE by LESSOR to correct such default or breach, provided that LESSOR shall extend said period in the event LESSEE shall furnish satisfactory evidence that it is continuously and diligently attempting to correct such default or breach."

15. Paragraph 17 of the 1992 Lease is entitled "CONDEMNATION OF ACQUISITION BY OTHERS," and outlines how proceeds must be paid to the City if the Kingman Airport is "condemned, taken or acquired by a body having *superior power of*

3

1  *eminent domain.*" (*emphasis* added).  The City does not have a superior power of eminent
2  domain over the KAA.
3     16.  In June 1992, MCAA assigned and transferred all of its rights, title,
4  interests, and liabilities in the 1992 Lease to the KAA.
5     17.  In July 2003, the City and the KAA entered into a Fourth Amendment to
6  Lease ("2003 Amendment").
7     18.  A true and accurate copy of the 2003 Amendment is attached hereto as
8  Exhibit 2.
9     19.  The 2003 Amendment extended the term of the lease to July 7, 2028 and
10 provided that it would automatically renew for a period of twenty-five years unless the
11 KAA submitted written notice of intent to decline the right to renew.
12     20.  The 2003 Amendment provided that all of the terms and conditions of the
13 1992 Lease shall remain in full force and effect except as specifically modified by the
14 2003 Amendment.
15     21.  The 2003 Amendment did not modify the termination or default provisions
16 of the 1992 Lease.
17     22.  In December 2007, the City and the KAA entered into a Fifth Amendment
18 to Lease ("2007 Amendment").
19     23.  A true and accurate copy of the 2007 Amendment is attached hereto as
20 Exhibit 3.
21     24.  The 2007 Amendment added some real property to the leased premises.
22     25.  The 2007 Amendment provided that all of the terms and conditions of the
23 1992 Lease, as modified by the 2003 Amendment, shall remain in full force and effect
24 except as specifically modified by the 2007 Amendment.
25     26.  The 2007 Amendment did not modify the termination provisions of the
26 1992 Lease.
27     27.  The 1992 Lease, as modified by the 2003 Amendment and the 2007
28 Amendment, will hereinafter be referred to as the "Lease."

**THE CITY'S IMPAIRMENT OF THE LEASE**

28. On November 7, 2017, following an executive session, the City passed Resolution 5113.

29. A true and accurate copy of Resolution 5113 is attached hereto as Exhibit 4.

30. Resolution 5113 stated the City's belief that the KAA was not meeting the "expectations of the parties to the lease" and that the KAA was mismanaging the Kingman Airport.

31. Resolution 5113 then authorized the City to acquire the KAA's interest in the Lease, goodwill, furniture, fixtures, funds, and equipment of and concerning the Lease and all rights pertinent to the Lease pursuant to the provisions of Arizona's eminent domain statute, A.R.S. § 12-1111, *et seq.*

32. On November 14, 2017, the City sent a letter to the KAA to implement Resolution 5113. A true and accurate copy of the November 14, 2017 Letter is attached hereto as Exhibit 5.

33. The letter conveyed the City's offer to acquire all of the KAA's for zero dollars plus assumption or payment of all obligations listed in paragraph 17 of the Lease and obligations under any leases between the KAA and its tenants.

34. The letter also explained the City's belief that the KAA is not entitled to due process: "The airport authority is not entitled to another bite at the apple in an unbiased court. The city counsel [sic] was the place to affect the decision-making process. The airport authority may not like what the city council decided, but that is our system of democracy."

35. The City then stated it would file a condemnation action unless the issue was resolved in the next twenty days.

36. The twenty-day period expires on December 4, 2017.

37. Paragraph 17 of the Lease applies when a party with superior eminent powers—a party other than the City or the KAA—seeks to condemn the property.

Therefore, the City has no right to the proceeds of any condemnation of KAA's leasehold interest under paragraph 17 of the Lease.

38. The City cannot take the KAA's leasehold interest via eminent domain because "the property is already appropriated to some public use" and "the public use to which it is to be applied is [not] a more necessary public use." A.R.S. § 12-1112(3).

39. None of the conditions for terminating the Lease under paragraph 20 exist: (A) the KAA has not filed for bankruptcy; (B) the KAA has not made a general assignment for the benefit of creditors; (C) no act has permanently deprived the KAA of the ability to perform its duties under this Lease; (D) the KAA has performed, kept and observed any and all of the terms, covenants and conditions under the Lease; and (E) even if the City believes the KAA has not observed all of the conditions of the Lease, the City has not provided the required written notice with an opportunity to cure.

## **CONTROVERSIES**

40. The Lease between the KAA and the City allows the KAA to lease the Kingman Airport until 2028, with an option to KAA to renew for another twenty-five year term.

41. The City seeks to breach that agreement.

42. Condemnation of the KAA's leasehold interest will cause irreparable harm to the KAA, including but not limited to its loss of its interest in real property.

43. The KAA has no adequate remedy at law because the City seeks to deprive the KAA of just compensation or any other remedy under the Lease.

44. A controversy between the City and the KAA presently exists as to whether the Contract Clause allows the City to take the KAA's leasehold interest via eminent domain.

45. The KAA has standing to file this action as it has suffered a legal wrong and has been aggrieved by the City's actions.

46. This controversy is ripe for determination.

# COUNT I

## <u>FEDERAL CONTRACT CLAUSE VIOLATION; 42 U.S.C. § 1983</u>

47. Plaintiff KAA realleges and incorporates the preceding paragraphs as if fully set forth herein.

48. The Lease reflects a bargain between the KAA and the City.

49. The Lease is a "contract" within the meaning of that term in Article I, Section 10, Clause 1, of the Constitution of the United States of America.

50. Article I, Section 10 of the Constitution of the United States of America provides: "No State shall . . . pass any Law impairing the Obligation of Contracts."

51. Section 1983 provides that: "Every person who, under color of any . . . ordinance . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

52. Section 1983 provides a cause of action to assert violations of the Contract Clause. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003).

53. The KAA has fully and faithfully performed each of its obligations under the Lease, thereby conferring upon the City the benefits it reasonably expected to receive from the Lease.

54. The City seeks to destroy the KAA's leasehold interest in the Kingman Airport.

55. The City's actions would deprive the KAA of important rights under the Lease, thwart performance of essential terms under the Lease, defeat KAA's reasonable expectations under the Lease, and alter financial terms of the Lease.

56. The City's actions are not reasonable because the Lease provides for a remedy for the alleged problem that the City seeks to resolve.

57. At the time the parties entered into the Lease, the parties anticipated the alleged "problem" by agreeing to terms and conditions for maintaining the airport property and terminating the Lease if a party failed to satisfy those conditions.

58. The City's actions are not necessary to an important public purpose because the airport is already being operated for the same public purpose and the City has remedies under the Lease to address any concerns.

59. The City's severe impairment of the Lease is not justifiable.

60. The City has not and will not make any effort to compensate the KAA for the loss of its leasehold interest.

61. The issuance of the requested injunction will serve the public interest by protecting KAA's legitimate business interests and by preventing any interference in the public's use and enjoyment of the airport.

## COUNT II

## STATE CONTRACT CLAUSE VIOLATION

62. Plaintiff KAA realleges and incorporates the preceding paragraphs as if fully set forth herein.

63. The Lease reflects a bargain between the KAA and the City.

64. The Lease is a "contract" within the meaning of that term in Article II, Section 25 of the Arizona Constitution.

65. Article II, Section 25 of the Arizona Constitution provides: "No . . . law impairing the obligation of a contract, shall ever be enacted."

66. The City is a party to the Lease, so the high degree of deference normally accorded to disinterested legislative enactments does not apply to Resolution 5113.

67. The KAA has fully and faithfully performed each of its obligations under the Lease, thereby conferring upon the City the benefits it reasonably expected to receive from the Lease.

68. The City seeks to destroy the KAA's leasehold interest in the Kingman Airport.

69. The City's actions would deprive the KAA of important rights under the Lease, thwart performance of essential terms under the Lease, defeat KAA's reasonable expectations under the Lease, and alter financial terms of the Lease.

70. The City's actions are not reasonable because the Lease provides for a remedy for the alleged problem that the City seeks to resolve.

71. At the time the parties entered into the Lease, the parties anticipated the alleged "problem" by agreeing to terms and conditions for maintaining the airport property and terminating the Lease if a party failed to satisfy those conditions.

72. The City's actions are not necessary to an important public purpose because the airport is already being operated for the same public purpose and the City has remedies under the Lease to address any concerns.

73. The City's severe impairment of the Lease is not justifiable.

74. The City has not and will not make any effort to compensate the KAA for the loss of its leasehold interest.

75. The issuance of the requested injunction will serve the public interest by protecting KAA's legitimate business interests and by preventing any interference in the public's use and enjoyment of the airport.

**WHEREFORE**, Plaintiff KAA respectfully requests that the Court order all relief to which it is or may become entitled, including but not limited to the following:

a. A preliminary injunction prohibiting the City from enforcing Resolution 5113 and from otherwise seeking to condemn the KAA's leasehold interest in the Kingman Airport pending final resolution of the claims raised herein.

b. A declaration that Resolution 5113 and any actions by the City to condemn the KAA's leasehold interest in the Kingman Airport impair the obligation of a contract in violation of Article I, Section 10, Clause 1 of the Constitution of the United States of America.

c. A declaration that Resolution 5113 and any actions by the City to condemn the KAA's leasehold interest in the Kingman Airport impair the obligation

        of a contract in violation of Article II, Section 25 of the Arizona Constitution.

d.   A permanent injunction directed to the City precluding enforcement of Resolution 5113 against the KAA's leasehold interest in the Kingman Airport; precluding any efforts by the City to condemn the KAA's leasehold interest in the Kingman Airport; and, precluding the City from otherwise terminating the Lease unless in accordance with the terms of the Lease.

e.   An award for the KAA's reasonable attorney's fees and litigation expenses pursuant to A.R.S. § 12-342.01 and 42 U.S.C. § 1988.

f.   Such other and further relief as is just and proper.

DATED this 1st day of December, 2017.

                                          SPENCER FANE LLP

                                          s/ Andrew M. Federhar
                                          Andrew M. Federhar
                                          Jessica A. Gale
                                          Attorneys for Plaintiff Kingman Airport Authority