**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kingman Airport Authority, | No. CV-17-08260-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Kingman, | |
| Defendant. | |

At issue are Plaintiff Kingman Airport Authority's ("KAA") Motion for a New Trial and Motion for Leave to File First Amended Complaint (Doc. 28, Mot.), to which Defendant City of Kingman ("Kingman") filed a Response (Doc. 29, Resp.) and KAA filed a Reply (Doc. 30, Reply). KAA has also filed an Emergency Request for Expedited Decision (Doc. 31).

In its Complaint (Doc. 1, Compl.), KAA brought claims under the Contracts Clauses of the United States and Arizona Constitutions, seeking among other things a permanent injunction to preclude Kingman from condemning KAA's leasehold interest in the Kingman Airport. The Court granted Kingman's motion to dismiss KAA's claims because the claims—specifically, the invocation of the Contracts Clauses to try to enforce the terms of the Lease entered into between KAA and Kingman and prevent Kingman from condemning KAA's leasehold interest in any manner—violated the reserved powers doctrine. (Doc. 26, Order.) The Court thus entered Judgment (Doc. 27) and closed this case.

Four days after KAA filed this action, Kingman filed a parallel action in Arizona state court, which KAA removed to this Court. (Case No. CV-17-08272-PCT-JJT.) In that case, the Court granted Kingman's Motion to Remand for largely the same reasons as the Court dismissed this case. Moreover, in the Orders in both cases, the Court recognized that KAA would be able to raise its defenses to Kingman's attempted condemnation of KAA's leasehold interest in state court. (*E.g.*, Order at 7-8.)

KAA then filed the present Motions under Federal Rules of Civil Procedure 59(a)(1)(B) and 15(a)(2), asking the Court to vacate its Judgment and allow KAA to amend its Complaint to seek the enforcement of the Lease and compensation for any condemnation of KAA's leasehold interest instead of an injunction preventing Kingman from condemning the leasehold interest in any manner, as KAA originally sought. (Mot. at 1; Doc. 28-1, Proposed First Am. Compl.) Kingman opposes reviving this case because (1) KAA had an opportunity to amend its Complaint after Kingman filed its Motion to Dismiss, but failed to do so; (2) denying KAA relief from the judgment supports the policies of deterring plaintiffs from using a court "as a sounding board to discover holes in their arguments" and the finality of judgments; and (3) KAA has not shown that its substantial rights have been affected, as required for the Court to vacate is judgment under Federal Rule of Civil Procedure 61. (Resp. at 1-6.)

The Court agrees with Kingman that KAA had an opportunity to amend its Complaint after Kingman raised the reserved powers doctrine issue in its Motion to Dismiss, but did not so amend. More importantly, KAA has not shown that its substantial rights have been affected by the Court's judgment. As Kingman points out, the proposed recast Complaint does not change the Court's conclusion that, under the reserved powers doctrine, Kingman's act of condemnation in and of itself cannot contravene the Contracts Clause. Enforcement of the terms of the Lease as well as defenses to Kingman's attempted condemnation of KAA's leasehold interest are matters of state law that KAA is presumably raising in the ongoing state court proceeding.[1] The Court must thus conclude

---

[1] KAA's Emergency Request for Expedited Decision indicates that the state court

1 | that its Judgment does not affect KAA's substantial rights. In the alternative, viewed through the lens of Rule 59(e), KAA does not succeed in identifying the "highly unusual circumstances" required to obtain relief from the Court's judgment. (*See* Reply at 2 (citing *Ferris v. City of San Jose*, 2013 WL 1120805, at *2 (9th Cir. 1999)).)

IT IS THEREFORE ORDERED granting Plaintiff's Emergency Request for Expedited Decision (Doc. 31).

IT IS FURTHER ORDERED denying Plaintiff's Motion for a New Trial and Motion for Leave to File First Amended Complaint (Doc. 28). This case remains closed.

Dated this 9th day of March, 2018.

Honorable John J. Tuchi
United States District Judge

---

action has proceeded and the state court has set a hearing for March 21, 2018. (Doc. 31.)